UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE TOMAYO, | No. 2:17-cv-0025 CKD P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Petitioner requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

Petitioner is serving a sentence of seven years-to-life imprisonment imposed in 1977 for first degree murder and other offenses. Petitioner challenges his being denied parole in 2015.

As a California prisoner serving an indeterminate sentence, petitioner has a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment. Swarthout v. Cooke, 562 U.S. 216, 219-20. (2011). However, the procedural protections which must be afforded with respect to the liberty interest are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 220. Petitioner does not allege he was denied the opportunity to be heard at his 2015 parole hearing nor that he was not given a statement of reasons as to why he was denied parole.

To the extent petitioner challenges whether the evidence presented at his parole proceeding is sufficient to sustain denial of parole, petitioner has no Constitutional right concerning the sufficiency of evidence upon which a denial of parole is based. Whether the evidence is sufficient under California law is immaterial as a state prisoner can only be granted a writ of habeas corpus under 28 U.S.C. § 2254 for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

For these reasons, petitioner's application for a writ of habeas corpus will be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 6) is granted;

2. Petitioner's application for writ of habeas corpus is summarily dismissed;

3. This case is closed; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: March 17, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
toma0025.par